[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO SET ASIDE VERDICT
INTRODUCTION
In this action seeking damages for personal injuries, the plaintiff introduced evidence of medical expenses of $2,483.73 for treatment of injuries alleged to have been suffered as a result of the named defendants negligence, and she also introduced evidence that, because of those injuries, she lost wages of $530.00, for total economic damages of $3,013.73. The jury returned a verdict awarding the plaintiff economic damages of $200,365.73 and non-economic damages of $3,000.00. The defendants have moved to set that verdict aside or, in the alternative, for a remittitur.
DISCUSSION
The defendants claim that evidence of $3,013.73 in medical expense and lost wages cannot support an award of economic damages of $200,365.73. The plaintiff responds that the jury could have found that she will need future medical care, and that the cost of that care will equal the difference between the jury's award of $200,365.73 in economic damages and $3,013.73, which is the total of special damages incurred before trial.
After returning the verdict described above, and before that verdict was accepted and recorded, the court excused the jury and discussed the verdict with counsel. Thereafter, by agreement of counsel and in an attempt to clarify the jury's intent in awarding economic damages of $200,365.73, the court again charged the jury on the composition of economic and non-economic damages.
Following the recharge, the jury posed the following question to the court:
 "Do reasonable, probable, losses for the cost of future medical expenses fall under the economic damages category of the verdict form?"
To that question the court responded yes.
The accident which is the subject of this case occurred on May 27, 1995. The verdict in this case was returned on December 18, 1998. The period between those dates is slightly more than three years and six months. Accordingly, the plaintiff incurred average annual medical expense of approximately $710.00, before CT Page 5169 trial.
Of the $200,365.73 awarded for economic damages, it is presumed that $3,013.73 was awarded for the special damages incurred before trial, and that the remainder, $197,352.00, was awarded for future medical expense. (The plaintiff offered no evidence of future economic damages, other than that which the plaintiff claims relates to future medical expense. Accordingly, the award for future economic damages can only be for medical expense.)
The parties stipulated that, at the time of trial, the plaintiff had a life expectancy of 50.2 years. Even though the jury was not required to find that the plaintiff will actually live for that period, that figure is useful for illustrative purposes.
Dividing the jury's award for future medical expense, $197,352.00, by the plaintiffs life expectancy, 50.2 years, it develops that, if the plaintiff lives 50.2 years, the award to her for future medical expense will equal $3,931.31 annually, which is approximately five and one-half times the $710.00 in annual medical expense incurred by the plaintiff before trial. If she lives less than 50.2 years, the annual medical expense awarded by the jury will be even greater. Only if she lives approximately 278 years will the award annualize to $710.00.
By all standards, the award to the plaintiff for future economic damages is without foundation in the evidence, and is unreasonable.
While a remittitur might be employed to redress the excessive award for future economic damages, the jury's award of only $3,000.00 for non-economic damages, which is facially inadequate in the light of the jury's award of $197,352.00 for economic damages, compels the conclusion that the jury did not comprehend the charge. Accordingly, the verdict cannot be reformed.
CONCLUSION
The motion is granted, and the verdict is set aside.
G. Levine, J. CT Page 5170